UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN McKENZIE,
*on behalf of himself and all other*
*employees similarly situated,*

                                    Plaintiffs,

            v.

UNITED FINANCIAL MORTGAGE
COMPANY,

                                    *Defendant.*

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

**Civil Action No.**

_____

## NATURE OF CLAIM

1.      This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to plaintiff Brian McKenzie individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"); the New York State Labor Law; and the laws of the various States in which defendant does business.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under the Declaratory Judgment Statute, 28 U.S.C. § 2201.

3.      This Court's supplemental jurisdiction of claims arising under New York State

Labor Law and the laws of the various States is also invoked.

4.     Venue is appropriate in the Western District of New York because, among other reasons, the defendant is a resident of and does business in this district.

## CLASS ACTION ALLEGATIONS

5.     The claims arising under New York State Labor Law are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

6.     The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

7.     The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of current and former individuals who worked for United Financial Mortgage Company ("United Financial") or its subsidiaries or divisions or other joint employers who in the last six years

   a.     whose job duties included the sale, processing and/or review of credit extended to defendant's customers and who were suffered or permitted to work by defendant and were not fully compensated at regular or premium overtime rates for such work; or

   b.     regardless of job duties, who were suffered or permitted to work and were not fully compensated at either regular or premium overtime rates for such work.

8.     The class size is believed to be over 50 employees.

9.     The named plaintiff, Brian McKenzie, will adequately represent the interests of the class members because he is similarly situated to the class members and his claims are typical of, and concurrent to, the claims of the other class members.

10.     There are no known conflicts of interest between the named plaintiff and the other class members.

11.     The class counsel, Dolin, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

12.     The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

13.     Common questions of law and fact predominate in this action because the claims of all class members are based on whether United Financial's policy of not paying statutory overtime to exempt and/or nonexempt employees for all hours worked in excess of forty per week violates New York Labor Law and other state statutes requiring the payment of overtime.

14.     The class action is maintainable under subsections (2) and (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

**A.     Defendant**

15.     United Financial is a corporation with its headquarters being in Oak Brook, Illinois.

16.     Upon information and belief, defendant is an enterprise engaged in interstate commerce, with annual gross volume of sales made not less than $500,000.

17.     At all times relevant to this action, the defendant is the employer of plaintiffs within the meaning of 29 U.S.C. § 203(d) and comprises an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

- 3 -

**B.** **Plaintiffs**

*Named Plaintiff*

18.     At all relevant times, Mr. McKenzie was an employee of defendant under the FLSA and the New York Labor Law.

*Class and Collective Action Members*

19.     The class and collective action members ("Class Members") are those employees similarly situated to named plaintiff as set forth above.

## FACTUAL BACKGROUND

20.     Named plaintiff worked as a Loan Officer for the defendant and, as with the other Class Members, was not paid time and one-half for all hours he worked over 40 in a week.

21.     Named plaintiff and Class Members frequently worked over 40 hours in a week while employed by defendant.

22.     Defendant's policy and/or practice was to not compensate named plaintiff and Class Members at time-and-one-half for all hours when the named plaintiff and Class Members worked over 40 in a week.

23.     Defendant knew plaintiffs were supposed to be paid statutory overtime, however, defendant willfully failed to pay statutory overtime for all hours when named plaintiff and Class Members worked over 40 hours in a week.

24.     The defendant's practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

25.     This failure to pay overtime as required by the FLSA, the New York Labor Law and the various state laws was willful.

- 4 -

### FIRST CAUSE OF ACTION
#### *FLSA*

26.     Plaintiffs reallege the above paragraphs as if fully restated herein.

27.     Defendant willfully violated their obligations under the FLSA and are liable to plaintiffs.

### SECOND CAUSE OF ACTION
#### *New York Labor Law*

28.     Plaintiffs reallege the above paragraphs as if fully restated herein.

29.     Defendant willfully violated their obligations under the New York Labor Law and are liable to plaintiffs.

### THIRD CAUSE OF ACTION
#### *State Labor and Contract Laws*

30.     Plaintiffs reallege the above paragraphs as if fully restated herein.

31.     Defendant willfully violated their obligations under the laws of the various states in which United Financial does business and are liable to plaintiffs.

**WHEREFORE**, plaintiffs demand judgment against defendant in their favor and that they be given the following relief:

(a)     an order preliminarily and permanently restraining defendant from engaging in the aforementioned pay violations;

(b)     an award of the value of plaintiffs' unpaid wages, including fringe benefits;

(c)     liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs (plaintiffs who do not affirmatively opt-in the class expressly waive their rights to liquidated damages or any other statutory penalty provided under New York law);

(d)     an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e)     an award of pre- and post-judgment interest; and

(f)     such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact.

Dated: February 15, 2005

DOLIN, THOMAS & SOLOMON LLP

By: _____
J. Nelson Thomas, Esq.
*Attorneys for Plaintiffs*
693 East Ave.
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com

- 6 -